**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELISSA BALLAS,<br>Plaintiff,<br><br>v.<br><br>EQUIS RESEARCH,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 5:26-cv-01759-JMG |

# ORDER

**AND NOW**, this 24th day of August, 2026, upon consideration of Defendant's Motion to Dismiss (ECF No. 11), Plaintiff's Opposition (ECF No. 12), and Defendant's Reply (ECF No. 15), **IT IS HEREBY ORDERED** that Defendant's Motion (ECF No. 11) is **GRANTED in part**.

**IT IS FURTHER ORDERED** as follows:

1. Plaintiff's hostile work environment claims under Title VII (Count II) and the PHRA (Count V) are **DISMISSED, with prejudice**.

2. Plaintiff's ADA retaliation claim (Count IV) is **DISMISSED, without prejudice**.

3. Plaintiff's race discrimination, retaliation, and disability discrimination claims under the PHRA (Count V) are **DISMISSED, without prejudice**.

4. Plaintiff may file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) by no later than **September 8, 2026**.[1]

5. Defendant **SHALL** file an Answer by no later than **September 8, 2026**.

[1] Failure to do so may result in the ADA retaliation claim being dismissed with prejudice.

6. If Plaintiff satisfies the PHRA's employee-count requirement, Plaintiff may file an amended complaint **within 14 days** of her PHRA claims becoming ripe.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

[2] The Court will still apply the relevant Federal and Local Rules in determining whether amendment is permissible.